# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 1, 2011

No. 10-50307
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO JAQUEZ-BORREGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3180-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alejandro Jaquez-Borrego (Jaquez) appeals his 70-month sentence imposed following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326.  He argues that the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data. As Jaquez concedes, this argument that is foreclosed by *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50307

*Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Jaquez also argues that his sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a). He contends that a sentence at the low end of the guidelines range is sufficient because he is young; he returned to the United States only to see his family; he is culturally more American than Mexican; and the Guidelines effectively double counted his prior conviction for aggravated assault with a deadly weapon by using it to calculate the criminal history score and to increase the base offense level.

The district court considered Jaquez's request for leniency, but it ultimately determined that a 70-month sentence was appropriate. Jaquez's arguments regarding his personal history, circumstances, and motive for reentry are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Moreover, we have previously rejected the argument that the double counting of a conviction as part of a defendant's criminal history score and the 16-level enhancement to his base offense level necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.)*, cert. denied*, 130 S. Ct. 378 (2009). The district court therefore did not abuse its discretion in imposing Jaquez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, the judgment of the district court is AFFIRMED.